EDISON v. AMERICAN MUTOSCOPE CO.

(Circuit Court, S. D. New York. July 27, 1901.)

PATENTS—SUIT FOR INFRINGEMENT—STAY OF INJUNCTION PENDING APPEAL.

Where difficult and doubtful questions are involved in a suit for infringement of a patent, and the injunction awarded to complainant by the final decree would work peculiar injury to defendant in case of reversal, owing to the diversity, public character, and intricacies of its business, the court may properly stay such injunction pending appeal, on condition that defendant files statements showing the business done in the meantime which would be prevented by the injunction, gives security for the payment of the profits and damages arising out of such business in case of affirmance, and prosecutes the appeal with diligence.

In Equity. Suit for infringement of patent. On motion to stay injunction pending appeal.

Dyer, Edmonds & Dyer, for plaintiff.
Kerr, Page & Cooper, for defendant.

WHEELER, District Judge. In view of the difficulty of the questions involved, and of the diversity, public character, and intricacies of the defendant's business, and the near time within which the questions may, by promptitude in prosecuting an appeal, be presented to the appellate court, I think the injunction should be stayed till the appeal can be heard in that court, but on such terms as will secure the rights of the plaintiff, so far as may be, in case the de-

cree is wholly or in part affirmed. This is usually done by requiring such statements to be filed as will show, as far as practicable, the extent of the business which the injunction would prevent, in order that it may be made readily to appear on accounting, and security for the payment of the profits and damages of such business, if finally decreed to the plaintiff. The affidavits submitted on this motion do not show with clearness what would be such a practicable and useful statement. That most so would seem to be a list of cameras in use, and of the contracts with lessees for the use of infringing machines, and of contracts with others for furnishing to them infringing materials. The stay should therefore, so far as the matter has now been made to appear, be conditioned upon the filing of such a statement. A bond has been mentioned as proper; but no figures showing or suggesting what should be the amount of such a bond have been furnished or hinted at, and no suggestion has been made that the defendant is not pecuniarly responsible. To fix upon the amount from what is now made to appear would be mere guesswork.

In view of the whole situation, the injunction is stayed till August 10th. If then an appeal has been perfected, and a bond filed to an amount and with surety approved by the plaintiff's counsel, or fixed and approved by the clerk, it is further stayed to September 1st. If then a list of such contracts is filed, it is continued till the first day of the next term of the circuit court of appeals. If then the appeal is docketed and noticed for hearing by the defendant as a preferred cause, the stay is continued till the hearing, decision, and mandate.